UNITED STATES DISTRICT COURT
WESTERN DISTRICT
SOUTHERN DIVISION

NATIONAL ELECTRICAL BENEFIT FUND, Trustees of;
NATIONAL ELECTRICAL ANNUITY PLAN, Trustees of; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 876

    Plaintiffs

v

UNITED POWERLINE CONTRACTORS, LLC,
A Michigan Limited Liability Company,

    Defendants

CASE NO.:

Hon.

Fillipe S. Iorio (P58741)
Julia A. Kelly (P77407)
Kalniz, Iorio & Feldstein, Co., L.P.A.
Attorneys for Plaintiffs
4981 Cascade Road, S.E.
Grand Rapids, MI 49546
Telephone: (616) 940-1911
Facsimile: (616) 940-1942
Email: groffice@kiflaw.com

## COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, Kalniz, Iorio & Feldstein, Co., L.P.A., and for their Complaint against Defendant, say as follows:

### PARTIES

1. Plaintiffs National Electrical Benefit and National Electrical Annuity Plan are the Trustees for the National Electrical Benefit Fund ("Benefit Fund") and National Electrical Annuity Plan ("Annuity Plan") which were established through collective bargaining. The Benefit Fund and the Annuity Plan are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29.U.S.C.§186, *et seq.*, and the Employee Retirement Income Security Act of

1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and maintain their principal offices in Rockville, Maryland.

2. Plaintiff International Brotherhood of Electrical Workers Local 876 is a labor organization representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(12). Plaintiff IBEW Local 876 maintains its main office in Edmore, Michigan.

3. Defendant United Powerline Contractors, LLC ("United Powerline") is a Michigan corporation doing business in the construction and power line industry, an industry affecting commerce within the meaning of 29 U.S.C. §142 and §185, and 29 U.S.C. §1002(5) and (12). Its principal place of business is in Traverse City, Michigan.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(2) and 515 of ERISA, 29 U.S.C §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of the collective bargaining agreement entered in by IBEW Local 876 to which Defendant, as an employer, is bound.

5. Venue of the United States District Court for the Western District of Michigan, Southern Division is appropriate pursuant to the Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301(a) of LMRA, 29 U.S.C. §185(a), as the district in which the collective bargaining agreements and the funds are administered.

## COUNT I BREACH OF AGREEMENT

6. Defendant United Powerline is party to a collective bargaining agreement with the Plaintiff IBEW Local 876 that is effective June 2, 2014 through May 31, 2015. Defendant United Powerline was party to the predecessor collective bargaining agreement that was effective June 4, 2012 through June 1, 2014. Exhibits 1 and 2.

7. The collective bargaining agreements are multi-employer agreements that are binding upon the multi-employers including employer Defendant United Powerline.

8. Under the terms of the collective bargaining agreement(s), Defendant United Powerline became obligated to make contributions to the Benefit Fund and to the Annuity Plan with respect to covered work performed by and wages paid to its employees and to submit the books and records of Defendant United Powerline to the

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

2

plaintiffs for periodic inspection and audit. Defendant United Powerline has failed to make the required contributions and is in breach of its contractual obligations.

9. An audit of the books and records of Defendant United Powerline revealed an indebtedness to plaintiffs of $13,193.67 for the period of January 2014 through November 12, 2015 consisting of $9,786.34 in unpaid contributions and $1,957.27 in liquidated damages resulting from the audit to the Benefit Fund.

10. An audit of the books and records of Defendant United Powerline revealed an indebtedness to plaintiffs of $101,397.79 for the period of January 2014 through November 12, 2015 consisting of $75,208.41 in unpaid contributions and $15,041.68 in liquidated damages resulting from the audit to the Annuity Plan.

11. The amount of Defendant United Powerline's indebtedness for delinquent contributions for the period of October, 2015 to date to the Benefit Fund and the Annity Plan cannot be determined until the Defendant submits its complete books and records for inspection in an updated audit.

12. Defendant United Powerline has agreed to comply with and be bound by the collective bargaining agreements. In addition to its contractual obligations under the collective bargaining agreements to make contributions to the Benefit Fund and the Annuity Plan, Defendant United Powerline is obligated under the collective bargaining agreement to:

    a. make contributions pursuant to Section 9.01 to the American Line Builders Administrative Maintenance Fund ("ALBAMF");

    b. make contributions pursuant to Section 8.02 to the Apprenticeship and Training Trust;

    c. make contributions pursuant to Section 8.03 to the Welfare Fund, known as the Line Construction Benefit Fund;

    d. make contributions pursuant to Section 8.01 to the National Electrical Industry Fund;

    e. make contributions pursuant to Section 8.07 to the Safety and Clothing and Education Fund;

    f. remit dues monies pursuant to Section 2.05

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

13. Defendant United Powerline is delinquent in making payments to each of the additional funds as set forth in paragraph 12 above. Defendant United Powerline's delinquency is a violation and breach of its contract obligations as set forth in the collective bargaining agreements.

14. Plaintiffs have suffered harm as a result of Defendant United Powerline's breach of the collective bargaining agreements.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant containing the following provisions:

    A. Adjudicating that defendant is bound to pay contributions to plaintiffs for the benefit of the Benefit Fund, Annuity Plan and all other funds as alleged in this Complaint;

    B. Awarding plaintiffs for the benefit of the Benefit Fund the amount of $13,193.67 for the period of January 2014 through November 12, 2015 consisting of $9,786.34 in unpaid contributions and $1,957.27 in liquidated damages resulting from the audit;

    C. Awarding plaintiffs for the benefit of the Annuity Plan the amount of $101,397.79 for the period of January 2014 through November 12, 2015 consisting of $75,208.41 in unpaid contributions and $15,041.68 in liquidated damages resulting from the audit

    D. Awarding Plaintiffs the amount of unpaid contributions, interest, liquidated damages, and attorneys' fees for failure to pay into funds as set forth in paragraph 12;

    E. Requiring defendant to make available to an auditor appointed by plaintiffs all of the books, records and accounts of defendant showing work performed by employees, hours worked by employees and any sums paid to plaintiffs for the benefits of the Benefit Fund, Annuity Plan and all other funds and to employees covered by the Agreements for the period of November 2015 to the date of said audit, and to pay for the cost of auditing said books;

    F. Entering judgment against defendant for violation of the LMRA in the amount such audit reveals as owed to plaintiffs for the benefit of the funds, plus interest, costs, attorneys' fees and other amounts to which plaintiffs are

entitled pursuant to LMRA 29 USC § 186 et seq., and the Funds' plan documents; and

  G. Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

## COUNT II ERISA VIOLATION

15. The Benefit Fund and the Annuity Plan are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29.U.S.C.§186, et seq., and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq.

16. Defendant United is obligated pursuant to both the terms of the collective bargaining agreements and the plan documents to make employer contributions to the Benefit Fund and the Annuity Plan.

17. Defendant United has failed to make required contributions to the Benefit Fund and the Annuity Plan thus breaching its contractual obligations and its obligations under applicable law including ERISA.

18. An audit of the books and records of Defendant United revealed an indebtedness to plaintiffs of $13,193.67 for the period of January 2014 through September 2015 consisting of $9,786.34 in unpaid contributions and $1,957.27 in liquidated damages resulting from the audit to the Benefit Fund.

19. An audit of the books and records of Defendant United revealed an indebtedness to plaintiffs of $101,397.79 for the period of January 2014 through November 12, 2015 consisting of $75,208.41 in unpaid contributions and $15,041.68 in liquidated damages resulting from the audit to the Annuity Plan.

20. The amount of Defendant United's indebtedness for delinquent contributions for the period of November, 2015 to date to the Benefit Fund and the Annuity Plan cannot be determined until the Defendant submits its complete books and records for inspection in an updated audit.

21. Plaintiffs have suffered harm as a result of Defendant United's failure to make required contributions and its resultant breach of the collective bargaining agreements.

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant containing the following provisions:

A. Adjudicating that defendant is bound to pay contributions to plaintiffs for the benefit of the Benefit Fund and the Annuity Plan and all other funds as alleged in this Complaint;

B. Awarding plaintiffs for the benefit of the Benefit Fund the amount of $13,193.67 for the period of January 2014 through November 12, 2015 consisting of $9,786.34 in unpaid contributions and $1,957.27 in liquidated damages resulting from the audit;

C. Awarding plaintiffs for the benefit of the Annuity Plan the amount of $101,397.79 for the period of January 2014 through November 12, 2015 consisting of $75,208.41 in unpaid contributions and $15,041.68 in liquidated damages resulting from the audit

D. Requiring defendant to make available to an auditor appointed by plaintiffs all of the books, records and accounts of defendant showing work performed by employees, hours worked by employees and any sums paid to plaintiffs for the benefits of the Benefit Fund, Annuity Plan and all other funds and to employees covered by the Agreements for the period of November 2015 to the date of said audit, and to pay for the cost of auditing said books;

E. Entering judgment against defendant for violation of ERISA in the amount such audit reveals as owed to plaintiffs for the benefit of the funds, plus interest, costs, attorneys' fees, liquidated damages and other amounts to which plaintiffs are entitled pursuant to ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), and the Funds' plan documents; and

F. Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

**COUNT III CONFIRMATION OF JOINT LABOR MANAGEMENT COMMITTEE AWARD**

22. Defendant United Powerline, as an employer party to the collective bargaining agreements, is subject to the grievance procedure set forth in the collective bargaining agreement(s).

Law Offices of
KALNIZ, IORIO &
FELDSTEIN CO., L.P.A.
4981 Cascade Rd. S.E.
Grand Rapids, MI 49546

23. Plaintiff IBEW Local 876 filed a grievance protesting the failure of Defendant United Powerline to pay required contributions into all of the contractually mandated funds.

24. On February 16, 2015, the Joint Labor Management Committee rendered a decision directing Defendant United Powerline to immediately forward to the appropriate collections office all reports and payments of all delinquent funds. See Exhibit 3.

25. Defendant United Powerline has breached the contract and has failed to comply with the order of the Joint Labor Management Committee.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant United Powerline and that Defendant United Powerline be ordered to pay all delinquent amounts to all funds; pay interest on all delinquent payments; pay liquidated damages; pay attorneys' fees and costs; and that the Court award all other relief necessary to make Plaintiffs whole.

Respectfully Submitted,

KALNIZ, IORIO & FELDSTEIN, Co., L.P.A.

Dated: November 30, 2015

_____
Fillipe S. Iorio (P58741)
Julia A. Kelly (P77407)
4981 Cascade Road, SE
Grand Rapids, MI 49546
Telephone: (616) 940-1911
Facsimile: (616) 940-1942